Evan L. Frank, Esq. (311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Defendant

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rockefeller Photos, LLC, | : | |
|     Plaintiff, | : | Civil Action |
| v. | : | 2:25-cv-04891 |
| American Crab & Lobster Company, Inc., | : | |
|     Defendant. | : | |
| | : | |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING

**A. Summary**

There are two standing problems. First, Plaintiff alleges that it is the exclusive licensee of the rights to reproduce (17 U.S.C. § 106(1)) and distribute (§ 106(3)). ECF 1, ¶ 11. However, Plaintiff alleges that Defendant infringed a different right – the right to display (§106(5)). ECF 1, ¶¶ 14-16. Section 501(b) states that the "legal or beneficial owner of an exclusive right" may sue for "**infringement of that particular right**". 17 U.S.C. § 501(b) (emphasis added). The few courts to address the issue have held that section 501(b) means what it says: an exclusive licensee only has standing to sue for infringing the same right as the exclusive license. *Creative Photographers, Inc. v. Julie Torres Art, LLC*, 2023 U.S. Dist. Lexis 41343, 20 (N.D. Ga. 2023).

Second, Plaintiff appears to be an entity created solely to pursue litigation, not a bona fide exclusive licensee. Plaintiff did not even exist until 12-2-24 (Ex. A, p. 5), but Plaintiff alleges that the unauthorized display began at least 13 months earlier on 11-9-23. ECF 1, ¶ 19. In Plaintiff's 11 months of existence, it has filed 77 suits, including another one in this Court. Ex. B. No licensing agreement is attached to the complaint, and paragraph 11's description of the

license is heavily qualified.  There may be "one or more written agreements", and the description of the rights in that agreement or agreements is qualified with the phrase "including but not limited to".  ECF 1, ¶ 11.  The "written agreement(s) likewise convey the exclusive right to pursue any infringements …", but an agreement granting the right to pursue infringement litigation is not valid unless the plaintiff is actually an exclusive licensee.  *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 404 (2d Cir. 2018).  Plaintiff's "customer" itself is still publicly licensing and displaying the same work, so Plaintiff's rights cannot actually be exclusive.  Ex. C (retrieved 10-29-25 - preparedfoodphotos.com/downloads/lobster-tail-with-sides-and-butter-and-garnish-on-a-clear-plate-food-picture/).

**B. Plaintiff does not have a presumption under 17 U.S.C. § 410(c) because the registration was 18 years after publication.**

The registration indicates that the work was published in 1998.  ECF 1-1, pp. 7-8.  The effective date of the registration is October 31, 2016.  ECF 1-1, p. 2.  Under section 410(c), there is a presumption of validity and of the facts stated in the certificate if the registration is made within 5 years after the first publication.  17 U.S.C. § 410(c).  Here, the registration was 18 years after the first publication.  Therefore, there is no presumption under section 410(c).

**C. Plaintiff does not have standing because Plaintiff alleges infringement of the right to display but that it is the exclusive licensee of the rights to reproduce and distribute.**

Plaintiff alleges that it has standing to sue because – although Plaintiff does not own the copyright, ECF 1, ¶ 10 – Plaintiff holds the exclusive rights to reproduce (section 106(1)) and distribute (section 106(3)).  ECF 1, ¶ 11.  The problem is that Plaintiff does not allege that Defendant infringed the right to reproduce (§ 106(1)) or the right to distribute (§ 106(3)).  Plaintiff specifically alleges that Defendant infringed the right to display (§ 106(5)), ECF 1, ¶¶ 14-16, and Plaintiff never alleges that it has the exclusive right to display.  *See generally*, ECF 1.

Copyright owners have the exclusive rights to (1) reproduce, (2) prepare derivative works, (3) distribute copies, (4) perform, and (5) display. *Video Pipeline, Inc. v. Buena Vista Home Entm't*, 342 F.3d 191, 196-197 (3d Cir. 2003) (citing 17 U.S.C. § 106). Under section 501(b), the "legal or beneficial owner of an exclusive right" may sue for "**infringement of that particular right**". 17 U.S.C. § 501(b) (emphasis added); *Creative Photographers, Inc. v. Julie Torres Art, LLC*, 2023 U.S. Dist. Lexis 41343, 20 (N.D. Ga. 2023) ("Even if the Agreement conveyed to Plaintiff an exclusive license, the Agreement contains no language suggesting that it confers to Plaintiff the § 106 right that is at issue in this case: the exclusive right to authorize the preparation of derivative works based upon the copyrighted work. … The very language of § 501(b) suggests that the owner of an exclusive right may only 'institute an action for any infringement of that particular right committed while he or she is the owner of it.'"). An exclusive licensee of a right may sue for infringement of that right because "any party to whom such a right has been transferred — whether via an assignment or an exclusive license — has standing to bring an infringement action based on that right." *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015).

Plaintiff acknowledges that it is not the owner of the work. ECF 1, ¶ 10. Plaintiff alleges that it has the "exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing." Id., ¶ 11. However, Plaintiff never alleges that Defendant reproduced the work or distributed it. *See generally*, id. Plaintiff only alleges that Defendant displayed the work on Defendant's website, Id, ¶¶ 14-16, and Plaintiff never alleges that it has the exclusive license to display the work, *see generally*, id.

The Copyright Act does not allow "infringement suits by assignees of merely the right to sue who do not hold and have not yet held any of the listed exclusive rights." *John Wiley &*

*Sons, Inc. v. DRK Photo*, 882 F.3d 394, 404 (2d Cir. 2018). Plaintiff alleges that its "written agreement(s)" with the owner authorize Plaintiff to sue for infringement. ECF 1, ¶ 11. Plaintiff does not specify whether this authorization to sue is for infringement of the rights under Plaintiff's license (reproduction and distribution) or for all infringement. *See generally*, id. Even if Plaintiff's agreement nominally granted it the right to sue for all infringement, that would not give Plaintiff standing because one cannot be assigned the right to sue without the corresponding exclusive right.

### D. Plaintiff is not a bona fide exclusive licensee.

Plaintiff alleges that at "all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights …" ECF 1, ¶ 11. However, Plaintiff did not even exist until 12-2-24 (Ex. A, p. 5), and Plaintiff alleges that the unauthorized display began at least 13 months earlier on 11-9-23. ECF 1, ¶ 19. Logically, Plaintiff could not have been the exclusive licensee "at all times relevant" if Plaintiff did not even exist at all times relevant. Plaintiff appears to be an entity created solely to pursue litigation, not a bona fide exclusive licensee. Since its formation in December 2024, Plaintiff has filed 77 lawsuits. Ex. B (two of the 78 entries are one case in which Plaintiff appeared as both a plaintiff and counterclaim defendant). No licensing agreement is attached to the complaint, and paragraph 11's description is heavily qualified. There may be "one or more written agreements", and the description of the rights in that agreement or agreements is qualified with the phrase "including but not limited to". ECF 1, ¶ 11. The "written agreement(s) likewise convey the exclusive right to pursue any infringements …", but an agreement granting the right to pursue infringement litigation is not valid unless the plaintiff is actually an exclusive licensee. *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 404 (2d Cir. 2018). Plaintiff's "customer" itself is still publicly licensing

and displaying the same work, so Plaintiff's rights cannot actually be exclusive.  Ex. C (retrieved 10-29-25 - preparedfoodphotos.com/downloads/lobster-tail-with-sides-and-butter-and-garnish-on-a-clear-plate-food-picture/).

**E.  Conclusion.**

    For these reasons, Plaintiff's Complaint should be dismissed for lack of standing.

                         Respectfully submitted,

                         /s/ Evan L. Frank
                         Evan L. Frank, Esq. (311994)
                         Alan L. Frank Law Associates, P.C.
                         135 Old York Road
                         Jenkintown, PA 19046
                         215-935-1000
                         215-935-1110 (fax)
                         efrank@alflaw.net
                         Counsel for Defendant

October 29, 2025