IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Case No. 2:25-cv-04891

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

AMERICAN CRAB & LOBSTER COMPANY, INC.

    Defendant.

## FIRST AMENDED COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendant American Crab & Lobster Company, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County Florida.

2. Defendant is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 2461 U.S. Route 1, Bensalem, PA 19020. Defendant's agent for service of process is Miller & Gelman, 230 S. Broad St., 4th FL, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.   Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction."  Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015).  In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court."  RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### I.   Plaintiff's Business and History

6.   Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry.  By offering its customers access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

7.   Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff.  Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

### II.   The Work at Issue in this Lawsuit

8.   A professional photographer employed by Plaintiff's above-named customer created a photograph titled "LobsterTail002, 02-14-1998" (the "Work"). A copy of the Work is displayed below:



9. The Work was registered by the above-named customer with the Register of Copyrights on October 31, 2016 and was assigned Registration No. VA 2-020-970. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

10. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

11. On December 12, 2024, Plaintiff and its above-named customer executed an Agency Agreement for the Licensing of Rights Managed Works (the "<u>Agency Agreement</u>") whereby such above-named customer conveyed to Plaintiff the "unrestricted, exclusive right to distribute, License[1] and/or exploit the Works[2] in the Territory[3] through Agency[4]." The Agency Agreement likewise grants further exclusive rights as follows:

---

[1] "License" is defined in the Agency Agreement as "the marketing, grant, lease, sale, use or other exploitation of reproduction rights to a Work or any derivative rights thereof."
[2] "Works" is defined in the Agency Agreement as "all photographic, video, and/or artistic matters including but not limited to digital files, original transparencies, duplicates, negatives, prints, positives or compilations of any of the foregoing items…."
[3] "Territory" is defined in the Agency Agreement as "world-wide without exception."
[4] Plaintiff is defined in the Agency Agreement as the "Agency" and Prepared Food Photos is defined as the "Customer."

> 6.2. Customer grants Agency the exclusive use rights to the Works, such rights not being limited in substance or geographical scope, as well as the right to sub-license the submitted Works. They include, in particular, the right to copy works in whole or in part, the right to reproduce, exhibit, disseminate, modify, adapt or publish the works. Such rights may be exercised through all analogue or digital exploitation and marketing channels, in particular via print media, websites, other electronic formats, mobile devices, television, movies and exhibitions, and may be used for any purpose, especially for advertising, sales promotion, marketing in and on products, corporate communications, press articles, press statements, brochures, reports, decoration, consumer use, programs or films. This also includes types of use that only become technically feasible or economically exploitable in the future.
>
> 6.3. Agency shall have the exclusive right to authorize the making of copies of the Works and/or distribute copies of the Works to the public by rights-managed license, and to authorize and control the display of those works publicly to news, advertising, media, or any other sources. Customer understands that he/she/it is conveying these exclusive rights to Agency during the terms of this Agreement and any renewals thereof. Per 17 U.S.C. § 501(b), Agency will exclusively own and hold Customer's distribution, reproduction, and display rights in the Works, each of which is an exclusive right under § 106 of the Copyright Act. This Agreement functions as an exclusive transfer of an exclusive right per § 106 of the Copyright Act.

12. The Agency Agreement likewise conveys "the exclusive right to pursue infringement claims for violations of exclusive copyright interests granted to the Agency, whether such infringements commenced prior to execution of this Agreement or during the term of this Agreement." As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

13. Defendant owns and operates as a seafood business that specializes in selling fresh, wild caught seafood and has been in operation for over 45 years.

14. Defendant advertises/markets its business through its website (https://www.americancrabcompany.com/), social media (e.g., https://www.facebook.com/p/American-Crab-Company-100064510401640/) and

https://www.instagram.com/americancrabcompany/), and other forms of advertising.

15. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business (at https://www.americancrabcompany.com/):



(at https://assets.zyrosite.com/cdn-cgi/image/format=auto,w=280,h=186,fit=crop/Aq20M1aeB0spZ1z6/local-homemade-cuisine-YD0jerXNwbs3kGBE.jpg):

[Photograph of lobster tails with sides]

16.     A true and correct copy of the screenshot of Defendant's website, webpage, social media, and/or printed media displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

18.     Defendant utilized the Work for commercial use.

19.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendant's unauthorized use/display of the Work on November 9, 2023.  Following such discovery, Plaintiff and/or its above-named customer notified Defendant in writing of such unauthorized use.

21.     All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

24. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

25. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-described exclusive rights with respect to the Work by the above-named customer).

26. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or printed media.

27. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

28. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

29. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©2025"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that

it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

30. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

34. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: November 12, 2025

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.